United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE MARY GSCHWEND,

    Debtor/Appelllant.

_____/

No. C 12-2057 PJH
Bankr. Case No. 06-41635 MEH
BAP NO. NC 12-1165

**ORDER TO SHOW CAUSE RE STATUS OF RECORD ON APPEAL**

    Debtor/appellant Mary Gschwend ("Gschwend") appeals the bankruptcy court's March 6, 2012 order denying her motion to reopen her chapter 13 bankruptcy case and to allow prosecution of a contempt action against creditor Barbara G. Markus and Markus' attorney for violation of the automatic stay. The appeal was originally assigned to the Ninth Circuit Bankruptcy Appellate Panel ("BAP"), but on April 18, 2012, appellee Markus elected to have the appeal transferred to this court.

    The BAP sent a number of documents to this court with the statement of election on April 25, 2012, but the status of the record on appeal remains unclear to the court or to this court's clerk's office. This court's clerk's office has not yet received the record from either the bankruptcy court or the BAP.

    Based on the court's review of the bankruptcy court's docket in Bankr. Case No. 06-41635 MEH, it appears that the parties may have failed to perfect the record in accordance with Federal Rule of Bankruptcy Procedure 8006. Although the BAP sent this court what appears to be Gschwend's "designation of record," it does not appear that Gschwend filed

a designation of the record with the bankruptcy court as required by Federal Rule of Bankruptcy Procedure ("FRBP") 8006; nor does it appear that Markus filed any designation of the record with the bankruptcy court; or that the bankruptcy court ever transmitted the record on appeal to the BAP.[1]  Pursuant to FRBP 8006, the parties were required to file their designations of the record *with the bankruptcy court* months ago.

This court's briefing schedule on appeal depends on the parties' perfection of the record with the bankruptcy court and on the bankruptcy court's transmission of the record to this court.

Accordingly, both parties are ORDERED to file with this court **no later than Wednesday, July 11, 2012**, statements advising the court regarding the status of the perfection of the record on appeal.  If the parties have not yet filed their designations of the record with the bankruptcy court, they should explain their failure to do so, and are ORDERED to file the designations *with the bankruptcy court* **no later than Wednesday, July 11, 2012.**  If the parties fail to respond to this order and to perfect the record in accordance with this order, the appeal will be dismissed for a failure to prosecute pursuant to FRBP 8001.

To the extent this court is mistaken and the record has been perfected and is in the possession of the bankruptcy court or the BAP, the clerk's office(s) of the bankruptcy court and/or the BAP should transmit the record to this court's clerk's office as soon as possible but **no later than Friday, July 13, 2012.**

**IT IS SO ORDERED.**

Dated: July 2, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge

cc: Ninth Circuit BAP; Honorable M. Elaine Hammond, United State Bankruptcy Court

---

[1] The court has attached that designation of record to the instant order.